# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LANCE EALY,

                Petitioner,        :        Case No. 3:15-cv-351

  - vs -                                  District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

THE HONORABLE MICHAEL R. BARRETT
  United States District Judge, et al.,

                                        :

                Respondents.

## REPORT AND RECOMMENDATIONS

Lance Ealy brought this habeas corpus case to obtain release from his current confinement in the custody of the United States Marshal for this District, Peter C. Tobin. Marshal Tobin is hereby SUBSTITUTED as the proper Respondent for Judge Barrett, the Marshal's Service, and the Butler County Sheriff, pursuant to Fed. R. Civ. P. 25.

Although Petitioner has pled this matter as if it arose under 28 U.S.C. § 2254, that section applies only to persons seeking habeas corpus relief after conviction in state court. Ealy has been convicted in federal court in *United States v. Lance Ealy*, Case No, 3:13-cr-175. Ealy has not yet been sentenced in that case, so 28 U.S.C. § 2255, the statute providing post-conviction relief to federal prisoners in lieu of habeas corpus, is not applicable. Instead, the case must be seen as invoking this Court's general habeas corpus jurisdiction under 28 U.S.C. § 2241. For cases brought under that section, the Court follows the process provided by Congress in 28 U.S.C. § 2242, et seq.

1

28 U.S.C. § 2243 provides that a court shall issue the writ or an order to show cause why the writ should not issue to the Respondent "unless it appears from the application that the applicant or person detained is not entitled thereto." The cause of Ealy's detention as of August 2014 is set forth in his prior habeas case, *Lance Q. Ellis Ealy by his next friend Larry E. Ealy*, Case No. 3:14-cv-263:

> The case can be readily resolved by examining the docket records of this Court. Pending before The Honorable Michael R. Barrett is *United States v. Lance Ealy*, Case No. 3:13-cr-175, 2014 U.S. Dist. LEXIS 155277. Judge Barrett was randomly assigned to the case after District Judge Rice recused himself (Doc. No. 30). On July 30, 2014, Judge Barrett revoked Lance Ealy's bond in the case (Doc. No. 77) and he thereby stands remanded to the custody of Peter C. Tobin, United States Marshal for the Southern District of Ohio.
>
> * * *
>
> On Motion of the United States to revoke Lance Ealy's bond, Judge Barrett first ordered it modified (Doc. Nos. 36, 37, 55, 65). Then on July 25, 2014, Judge Barrett granted the Motion to Revoke and remanded Lance Ealy to the custody of the Marshal where he remains awaiting trial (Doc. Nos. 76, 77).

*Ealy v. Barrett (In re Ealy),* 2014 U.S. Dist. LEXIS 110703 (S.D. Ohio Aug. 11, 2014). Thereafter on October 16, 2014, Judge Barrett released Ealy on a conditional own recognizance bond (13-cr-175, ECF No. 110). Thereafter the criminal case proceeded to trial by jury. During trial the Pretrial Services Officer reported to Judge Barrett that Ealy had absconded from supervision and a warrant was issued for his arrest *Id.* at ECF Nos. 154, 155. The trial continued in his absence and a verdict was returned November 19, 2014. *Id.* at ECF Nos. 163, 165. Ealy was thereafter arrested in the Northern District of Georgia on March 18, 2015, and returned to this District. *Id.* at ECF No. 191. On June 30, 2015, Judge Barrett vacated the sentencing date of July 7, 2015, and ordered that it be re-set "after the resolution of Case No.

3:15-cr-080." *Id.* at ECF No. 205.  A host of post-trial motions were resolved by Judge Barrett on August 24, 2015. *Id.* at ECF No. 214.  Ealy filed a Notice of Appeal (ECF No. 215) and, on October 2, 2015, a Motion to Stay Sentencing Pending Appeal (ECF No. 217).

In Case No. 3:15-cr-080, the grand jury for this District indicted Ealy on three counts of failing to appear in connection with the November 2014 trial (15-cr-080, ECF No. 2).  With the consent of both parties and upon Ealy's Waiver of Speedy Trial (ECF No. 14), trial in that case has been set for October 21, 2015 (ECF No. 15).

Thus the cause of Ealy's confinement is evident on the face of the record in this Court: he is detained without bond pending sentencing in the 2013 case which has been postponed pending resolution of the 2015 case.

Ealy raises a number of claims about the unconstitutionality of his conviction (Petition, ECF No. 5, PageID 92, 97-102-10).  Those are claims which must be raised on direct appeal after sentencing and cannot be decided pre-sentence.

The gravamen of Ealy's claim about delay is that his sentencing had been unreasonably delayed in violation of clearly established Supreme Court precedent, to wit, *Barker v. Wingo*, 407 U.S. 514 (1972).  In *Barker*, the Supreme Court adopted a four-factor test to determine whether a defendant's right to a speedy trial had been violated.  One key factor was whether and how the defendant had asserted his right to a speedy trial.  In this case, Ealy has filed a habeas corpus petition claiming unreasonable delay in sentencing but also a motion for injunction of sentencing pending appeal in the criminal case.  Those positions are completely inconsistent.

Additionally, the *Barker* factors speak to delay of trial, not delay of sentencing. Assuming the Barker factors are applicable, Ealy cites no authority, much less Supreme Court authority, for the proposition that delaying sentencing pending disposition of other charges is

unreasonable and it is supported by the leading text authority on Fed. R. Crim. P. 32(b). Wright and Welling, Federal Practice and Procedure: Criminal § 524. Nor does he cite any case in which a delay as short as has occurred in this case was found to violate either Rule 32 or the Speedy Trial Clause.

**Conclusion**

For the foregoing reasons, the Petition herein should be dismissed with prejudice. Because the certificate of appealability provisions of 28 U.S.C. § 2253(c) do not apply to a petition under § 2241, the Magistrate Judge makes no recommendation on that question; it is not an issue in this case. However, it is recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 15, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).